UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| RAVEN GARCIA, KIMBERLY AGUIRRE MEREZ, HEYLI WOODRUFF AND KAYLEIGH BENZIE, individually and on behalf of all others similarly situated, | Case No. 6:22-cv-00639-MTK |
| Plaintiffs, | **OPINION AND ORDER** |
| v. | |
| TOEZPECUNIA, INC. dba SWEET ILLUSIONS, an Oregon Corporation, | |
| Defendant. | |

**KASUBHAI,** United States District Judge:

Plaintiff Heyli Woodruff filed this lawsuit in May 2022 under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq.; 29 C.F.R. § 531.35; and Or. Rev. Stat. § ("ORS") 653.025. ECF No. 1. Pending before the Court are (1) Plaintiff's Motion for Attorneys' Fees and Costs and (2) Plaintiff's Bill of Costs. ECF Nos. 88, 89. For the reasons below, Plaintiff's Motion for Attorneys' Fees and Costs is granted in part and Plaintiff's Bill of Costs is granted.

# BACKGROUND

On May 2, 2022, Plaintiff Woodruff, along with fellow claimants Hannah Thornton, Kayleigh Benzie, Raven Garcia, and Kimberly Meraz (the "Collective Members")[1], filed this action against Defendant Toezpecunia, Inc. dba Sweet Illusions ("Defendant") alleging that Defendant misclassified the Collective Members as independent contractors. The Complaint alleges that Plaintiff is entitled to minimum wages owed under 29 U.S.C. § 216(b), along with the return of any monies or tips improperly taken by Defendant, liquidated damages, interest, and attorney fees and costs.

On August 2, 2024, following the Court's resolution of the parties' motions for summary judgment, Defendant served Plaintiff with an Offer of Judgment in the amount of $20,000 (excluding attorneys' fees, disbursements, and costs) to settle all of Plaintiff's alleged claims. ECF No. 84, Ex. 1. On August 20, 2024, Plaintiff filed a notice of acceptance of Defendant's offer, ECF No. 84, and on September 6, 2024, the Court entered judgment for Plaintiff. ECF No. 86.

Before the Court are Plaintiff's Motion for Attorneys' Fees and Costs and Plaintiff's Bill of Costs. Defendant objects to Plaintiff's Motion for Attorneys' Fees and Costs, but did not file an objection to Plaintiff's Bill of Costs. *See* ECF No. 90.

---

[1] On September 12, 2022, two of the other Collective Members resolved their claims, one by stipulated dismissal while the other accepted offer of judgment. ECF Nos. 10, 16. Two more of the Collective Members were subject to mandatory arbitration, where they have since concluded, leaving Plaintiff Woodruff as the only remaining Collective Member in this lawsuit. Order Granting Joint Motion for Stay Proceedings as to Raven Garcia Pending Arbitration, ECF No. 20; Order Granting Def.'s Motion for Stay as to Plaintiff Hannah Thornton, ECF No. 29.

## DISCUSSION

### I.    Attorneys' Fees

Under the FLSA, a prevailing plaintiff is entitled to a mandatory award of reasonable attorney's fees and costs. 29 U.S.C. §216(b). Determination of reasonable attorney's fees begins with the "lodestar" method, which is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564 (1986). The hourly rate should be in line with those "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n. 11 (1984). "In determining the appropriate number of hours to be included in a lodestar calculation, the district court should exclude hours 'that are excessive, redundant, or otherwise unnecessary.'" *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

The party seeking an award of fees bears the burden of supporting the hourly rates claimed and documenting the appropriate number of hours worked. *McCown*, 565 F.3d at 1102. There is a strong presumption that the lodestar method produces a reasonable amount of attorney's fees. *Del Valley Citizens' Council for Clean Air*, 478 U.S. at 564–65. However, the court may adjust the lodestar through consideration of any of the following "*Kerr*" factors:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). The court may consider factors that are outside the initial lodestar calculation, but a rote recitation of the relevant factors

is unnecessary if the court adequately explains the basis for its award of attorney's fees. *Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000); *McGinnis v. Kentucky Fried Chicken of Cal.*, 51 F.3d 805, 809 (9th Cir. 1995).

Here, Plaintiff seeks $60,057.90 in attorneys' fees. Defendant objects to Plaintiff's Motion for Attorneys' Fees and Costs based on (A) fees sought for out-of-state counsel Alexander Kykta, despite the absence of *pro hac vice* status; (B) inflated hourly rates; and (C) specific objectionable time entries including vague and incoherent time records, duplicative billing, and non-recoverable clerical tasks. The Court will address each objection in turn.

### A.    Fees Sought for Out-of-State Counsel Kykta

Defendant objects to fees sought for out-of-state counsel Kykta on the grounds that counsel Kykta represented Plaintiff during her deposition, but was never admitted, and did not apply for, *pro hac vice* status.

In Oregon, "[o]nly attorneys generally or specially admitted pursuant to this rule may practice in the district … courts of the District of Oregon." U.S. District Court District of Oregon Local Rule ("LR") 83-1(a). "Admission to general practice … is limited to attorneys of good moral character who are active members with full privileges in good standing with the Oregon State Bar." LR 83-2. If an attorney is not an active member of the Oregon State Bar, they must apply to appear *pro hac vice* to practice in the U.S. District Court District of Oregon. LR 83-1. An attorney may be specially admitted to appear *pro hac vice* if they are an active member in good standing with the bar of any United States court, or the highest court of any state, territory, or insular possession of the U.S. (other than the district in which they are seeking *pro hac vice*), provided that they:

(1)     Associate[] with an attorney admitted to general practice before the bar of this Court, who will meaningfully participate in the preparation and trial of the case. (*See* LR 83-2 *and* LR 83-4);

(2)     Pay[] the admissions fee;

(3)     Register[] to e-file in CM/ECF for the District of Oregon;

(4)     File[] a motion for leave to appear *pro hac vice* in every case in which the attorney seeks to be specially admitted (to ensure proper CM/ECF registration, local counsel is not to file the motion); and

(5)     Certif[y] having professional liability insurance, or financial responsibility equivalent to liability insurance, that meets the insurance requirements of the Oregon State Bar for attorneys practicing in this District, and that will apply and remain in force for the duration of the case, including any appeal proceedings.

LR 83-3. When an out-of-state attorney does not "properly and timely secure *pro hac vice* admission before the district court," that is a sufficient reason for the court to deny their application for attorney's fees. *Idaho Sporting Congress, Inc. v. Alexander*, 23 Fed. Appx. 713, 714 (9th Cir. 2001).

In this case, counsel Kykta did not apply for *pro hac vice* status. Plaintiff has offered no explanation for that failure, nor has Plaintiff explained why the Court should approve counsel Kykta's fees despite the absence of *pro hac vice* status. This is particularly troubling in this case, where Plaintiff's billing records show that counsel Kykta provided direct legal services to Plaintiff by preparing her for deposition, and appeared on her behalf during her June 21, 2023, deposition without the involvement of any local counsel. *See* ECF No. 84-1 at 9. Thus, Defendant's objection on this basis is sustained, and Plaintiff may not recover counsel Kykta's attorney fees.

### B.     Inflated Hourly Rates

Defendant contends that Plaintiff has not adequately supported the hourly rates sought by certain Plaintiff's counsel. The Court has already determined that counsel Kykta is not entitled to

attorney fees, and Defendant did not object to Plaintiff's paralegals' rates, so the Court will address the rates for counsel Amanda Marshall, Jarrett Ellzey, and Leigh S. Montgomery.

The Ninth Circuit uses the "lodestar method" to calculate attorney's fees. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). Under the lodestar method, attorney's fees are calculated by multiplying the number of hours that the prevailing party reasonably expended on the litigation by a reasonable hourly rate. *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 563–64 (1986). Reasonable hourly rates are determined by looking at the prevailing market rates in the relevant legal community for similar services provided by attorneys of similar skills, experience, and reputation. *Blum v. Stenson*, 465 U.S. 886, 895 n. 11 (1984). The relevant legal community is the forum in which the district court sits. *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997). Here, the forum in which this Court sits is the District of Oregon. Therefore, the relevant legal community in this case is the District of Oregon.

The District of Oregon uses the most recent Oregon State Bar Economic Survey as evidence of a reasonable hourly rate. LR 54-3. Plaintiff has requested a rate of $600 per hour for Amanda Marshall, $550 per hour for Jarrett Ellzey, and $450 per hour for Leigh S. Montgomery. Plaintiff's requested rates are near the 95th percentile of rates for attorneys with similar years of experience in Oregon. REG'L RSCH. INST. FOR HUM. SERVS., OREGON STATE BAR 2022 ECONOMIC SURVEY: REPORT OF FINDINGS, 42–43 (2023). Defendant argues that Plaintiff's counsel should recover $325 per hour for Amanda Marshall, $313 per hour for Jarrett Ellzey, and $305 per hour for Leigh S. Montgomery. Defendant's requested rates are near the median rate for attorneys with similar years of experience in Oregon. *Id.*

The Court agrees that Plaintiff has not provided sufficient supporting evidence for her request for attorneys' fees near the 95th percentile of attorneys with similar experience. However, Plaintiff does provide enough evidence to justify fees higher than the median. In particular, counsel Marshall's prior experience as U.S. Attorney for the District of Oregon and counsel Ellzey and Montgomery's national experience with similar FLSA cases demonstrate that Plaintiff's attorneys have higher than average skills and experience. *See* Declaration of Leigh Montgomery 3–5. Thus, Defendant's objection is sustained in part and the Court will award rates between the median and the rates Plaintiff requests for each attorney, as follows: $475 per hour for Amanda Marshall, $450 per hour for Jarrett Ellzey, and $400 per hour for Leigh S. Montgomery.

### C.    Objectionable Time Records

Defendant first contends that the Court should reduce Plaintiff's attorneys' fees based on vague and incoherent time records, and duplicate billing. The District Court of Oregon "recommends that members of the bar record time spent on particular, individual tasks and support their fee petitions with a level of documentation that allows the Court, and opposing counsel, to adequately review the reasonableness of the time spent on a single task." U.S. District Court District of Oregon, Message from the Court Regarding Fee Petitions (last updated Nov. 21, 2024). On reviewing Plaintiff's attorneys' time entries, the Court finds that they are not impermissibly vague or incoherent to the point of preventing the Court from assessing the reasonableness for each task. The Court further finds the entries for multiple attorneys' review of documents to be reasonable in this case.

Defendant also contends that Plaintiff improperly billed $700.40 in non-recoverable clerical tasks. In the Ninth Circuit, non-legal, or "clerical," work cannot be billed at an attorney's

rate. S*ee Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989) (noting the dollar value of non-legal work "is not enhanced" because it is performed by a lawyer). Typically, costs associated with clerical tasks are considered overhead expenses that counsel is expected to absorb. S*ee Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009) (reducing fees for clerical tasks). The Court has reviewed the entries submitted by Plaintiff and finds that they are reasonable tasks for an attorney to bill.

Accordingly, the Court finds that Plaintiff's attorneys' time spent is reasonable and the description of the same is not vague, incoherent, or duplicative. Defendant's objections are overruled.

### D.    Total Attorneys' Fees

Taking into account the Court's resolution of Defendant's objections above, Plaintiff's Motion for Attorneys' Fees and Costs is granted in part as follows:

| Attorney/Staff | Total Hours | Rate | Total Amount |
|---|---|---|---|
| Amanda Marshall | 7.36 | $475/hr | $3,496 |
| Jarrett Ellzey | 9.4 | $450/hr | $4,230 |
| Leigh S. Montgomery | 97.45 | $400/hr | $38,980 |
| Alice Newlin | 17.7 | $150/hr | $2,655 |
| Seana Greene[2] | 1.8 | $125/hr | $225 |
| **TOTAL** | | | **$49,586** |

---

[2] Plaintiff's Motion for Attorneys' Fees lists Seana Greene's total hours as 1.8 and rate as $125/hr, which totals $225. However, the motion lists the total amount for Seana Greene as $720. Plaintiff's motion fails to explain why an upward adjustment of the lodestar for Seana Greene is justified and the Court will therefore award only the total hours (1.8) multiplied by the billable rate ($225).

## II.    Bill of Costs

"Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "Rule 54(d) creates a presumption in favor of awarding costs to prevailing parties, and it is incumbent upon the losing party to demonstrate why the costs should not be awarded." *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999).

Here, Plaintiff has filed a bill of costs seeking $2,469. The motion is supported by Plaintiff's counsel Leigh S. Montgomery's declaration, as well as a transaction report and specific invoices for each claimed cost. *See* ECF No. 88-1. Defendant filed no opposition and therefore has not demonstrated why the costs should not be awarded. The Court has reviewed Plaintiff's submission and concludes that the costs sought are taxable under 28 U.S.C. § 1920 and that there is no reason to deny or reduce the request. Accordingly, Plaintiff's Bill of Costs (ECF No. 88) is granted.

**CONCLUSION**

For the reasons above, Plaintiff's Motion for Attorneys' Fees and Costs (ECF No. 89) is GRANTED in part and Plaintiff is awarded $49,586 in attorneys' fees. Plaintiff's Bill of Costs (ECF No. 88) is GRANTED and costs are taxed against Defendant in the amount of $2,469.

DATED this <u>10th</u> day of March 2025.

<u>s/ Mustafa T. Kasubhai</u>
MUSTAFA T. KASUBHAI (He / Him)
United States District Judge